**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | | |
|---|---|---|
| SANDRA SIMON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and OFFICER JOHN DOE/HAND,<br><br>Defendants. | : | Civil Action File<br><br>No. ________________ |

## COMPLAINT FOR DAMAGES

COMES NOW Sandra Simon (hereafter "Plaintiff" or "Ms. Simon") and files this Action against the United States of America (hereafter "United States" or "Defendant") on claims of negligence, assault, battery, false imprisonment, and intentional infliction of emotional distress pursuant to 28 U.S.C. § 1346 et seq. (Federal Tort Claims Act) and claims against Officer John Doe/Hand[1] (hereafter "Hand") for United States Constitutional Violations under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (Bivens) as follows:

[1] The Plaintiff is without knowledge regarding the first name of the individual defendant but is certain as to the last name of "Hand."

## PARTIES

*Plaintiff*

1. Ms. Simon is a female federal inmate remanded into the custody of the Federal Bureau of Prisons (hereafter "BOP") where she was transferred to FCI Tallahassee in Tallahassee, Florida (hereafter "FCIT"). While incarcerated at FCIT, Defendant Hand sexually assaulted Ms. Simon.

*Defendants*

2. Defendant United States of America is a sovereign nation subject to liability and damages for the wrongful conduct of its employees and agencies under the Federal Tort Claims Act. The United States may be served with process pursuant to Fed. R. Civ. Pro. 4(i)(1) as follows:

Lawrence Keefe or designee
United States Attorney, Northern District of Florida
111 N Adams Street
Tallahassee, Florida 32301

*Certified mail copy to*:

United States Attorney, Northern District of Florida
c/o Civil Process Clerk
Northern District of Florida, Tallahassee Division
110 E Park Avenue, Suite 100
Tallahassee, Florida 32301

Mr. Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

3. Defendant Hand is a resident of the State of Florida who is employed by the BOP as a correctional officer working at FCIT. Defendant Hand may be served with process at FCIT.

4. FCIT wardens, associate wardens, executive staff, department heads, supervisors, counselors, professional service providers and prison management (hereafter "FCIT Management Team") were grossly negligent in the management, supervision and retention of male correctional officers at FCIT engaged in the sexual harassment and abuse of female inmates.

5. The Special Investigative Services Unit ("SIS") assigned to FCIT was responsible to investigate any alleged criminal activity involving staff members or inmates. SIS members were grossly negligent and derelict in their duties to manage, supervise and investigate male officers at FCIT engaged in the sexual harassment and abuse of female inmates.

6. The Office of Internal Affairs ("OIA"), the Office of Inspector General ("OIG"), the U.S. Department of Justice ("DOJ") and many other special agents and supervisory attorneys were responsible for the investigation and prosecution of male correctional officers sexually abusing female inmates at FCIT. These agencies failed to timely investigate and prosecute the criminal activity perpetrated by the male correctional officer identified below. (SIS, OIA, OIG and DOJ are collectively referred to herein as the "Prison Investigative Agencies").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1346. Specifically, Ms. Simon brings her claims under 28 U.S.C. § 1346 et seq. (Federal Tort Claims Act) as it involves liability of the United States of America reserved to federal courts and over the claims against Defendant Hand for violations of the United States Constitution pursuant to 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendant United States of America pursuant to 28 U.S.C. § 1346 et seq. (Federal Tort Claims Act) and over Defendant Hand for committing United States Constitutional violations within the State of Florida.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) as the acts and omissions set forth herein occurred within this federal judicial district.

## FEDERAL BUREAU OF PRISONS

10. The Federal Bureau of Prisons ("BOP") is a United States federal law enforcement agency responsible for the custody of individuals who have violated federal laws. The BOP's stated mission is to "protect public safety by ensuring that federal offenders serve their sentences of imprisonment in facilities that are safe, humane, cost efficient and appropriately secure…"[2] The BOP employs over 35,000 individuals at 122 institutions across the country. The BOP is currently responsible

[2] https://www.bop.gov/about/agency/ (emphasis added)

for the custody and care of over 13,000 female inmates incarcerated at 27 separate BOP facilities.

11. Despite its stated mission, the BOP has created and maintained a sanctuary for male correctional officers to sexually assault and abuse female inmates. The sexual abuse of female prisoners under BOP control is rampant but goes largely unchecked as a result of cultural tolerance, orchestrated cover-ups and organizational reprisals of inmates who dare to complain or report sexual abuse.

12. This systemic misconduct within the BOP was the subject of a recent U.S. House of Representatives investigation for the Committee on Oversight and Government Report. The nine-page report concluded that misconduct by prison officials is "largely tolerated or ignored altogether"[3] allowing officials to operate outside of the rules. The committee reviewed specific cases where "individuals deemed responsible for misconduct were shuffled around, commended, awarded, promoted or even allowed to retire with a clean record and full benefits before any disciplinary action could apply."[4]

## PRISON RAPE ELIMINATION ACT

13. The Prison Rape Elimination Act ("PREA") was signed into law by President Bush in 2003 and applies to all federal facilities managed by the BOP.

---

[3] https://republicans-oversight.house.gov/wp-content/uploads/2019/01/Memo-to-Chairman-Russell-re-BOP.pdf
[4] *Id*.

P.L. 108-79. PREA's goal is to deter the sexual assault of prisoners and to curb prison rape through a zero-tolerance policy.

14. Because the female inmates are fully dependent on the correctional officers for basic necessities and privileges, all sexual contact, with or without the consent of the inmate, is classified as abuse. Sexual abuse and sexual harassment are defined in section 115.6 of the Act as follows:

> *Sexual abuse of an inmate, detainee, or resident by a staff member, contractor, or volunteer includes any of the following acts, with or without consent of the inmate, detainee, or resident:*
>
> *(1) Contact between the penis and the vulva or the penis and the anus, including penetration, however slight;*
>
> *(2) Contact between the mouth and the penis, vulva, or anus;*
>
> *(3) Contact between the mouth and any body part where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;*
>
> *(4) Penetration of the anal or genital opening, however slight, by a hand, finger, object, or other instrument, that is unrelated to official duties or where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;*
>
> *(5) Any other intentional contact, either directly or through the clothing, of or with the genitalia, anus, groin, breast, inner thigh, or the buttocks, that is unrelated to official duties or where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;*
>
> *(6) Any attempt, threat, or request by a staff member, contractor, or volunteer to engage in the activities described in paragraphs (1)-(5) of this section;*
>
> *(7) Any display by a staff member, contractor, or volunteer of his or her uncovered genitalia, buttocks, or breast in the presence of an inmate, detainee, or resident, and*

*(8) Voyeurism by a staff member, contractor, or volunteer.*

*Sexual harassment includes*

*(1) Repeated and unwelcome sexual advances, requests for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature by one inmate, detainee, or resident directed toward another; and*

*(2) Repeated verbal comments or gestures of a sexual nature to an inmate, detainee, or resident by a staff member, contractor, or volunteer, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures.*

*(emphasis added).*

15. As mandated by PREA, the BOP conducts annual PREA audits ("Audits") at each federal prison facility. The annual Audits for FCIT are materially incomplete as the auditors failed to interview any female inmates that were involved in or witness to PREA violations.

16. The reports suggest that these female inmates were not available for interview as they had been transferred to another prison facility. The failure to interview victims of PREA violations undermines the Audit results and incentivizes FCIT to transfer victims of sexual abuse rather than cooperate with a thorough PREA investigation. By transferring victims of sexual abuse, FCIT shields itself from legitimate investigation and suppresses complaints by punishing the victims.

17. The FCIT transfer policy also demonstrates the BOP's failure to put the rights of the victims ahead of its own economic interest. Before any BOP employee can be punished, transferred or reassigned for sexual abuse, administrators must

carefully navigate the collective bargaining agreement. In almost every instance, the collective bargaining rights of the employees outweigh the rights of the victim, and it is the victim that receives the full weight of punishment by transfer to another facility or other punitive measures. In no other context are the rights of the sexually abused subordinated to the economic interests of the institution and the collective bargaining rights of the abusers.

**FCIT**

18. FCIT is a federal prison facility operated by the BOP through the United States Department of Justice.

19. Female inmates at FCIT are segregated into distinct housing units with dormitory style cubicles for each inmate. Many inmates are afforded work, educational and vocational privileges within the complexes. Inmates are subject to daily "counts" but are given some basic freedoms to move and work on the complex.

20. FCIT employs correctional officers, facilities staff and management to oversee and operate the prison facility. The correctional officers are trained, managed, overseen and paid by the BOP through the United States Department of Justice serving "investigative or law enforcement" functions. The correctional officers are federal employees subjecting the United States of America to liability for improper actions committed within the course and scope of their employment, under color of federal law, or in violation of specific federal statutes.

21. Defendant Hand was a known sexual predator to the FCIT Management Team and the Prison Investigative Agencies. Upon information and belief, Defendant Hand had been investigated on numerous occasions for sex crimes against female inmates. The FCIT Management Team and Prison Investigative Agencies were well aware of the female inmates' reluctance to come forward with information on sexual abuse for fear of reprisal, including, but not limited to, transfer to a different facility, disciplinary segregation, loss of early release rights, detrimental write-ups, loss of work privileges, and interference with vocational skills programs.

22. In fact, the FCIT Management Team instituted a policy whereby inmates complaining of mistreatment by prison officials were removed to a local county detention center or a special housing unit. This relocation policy intentionally suppressed complaints of misconduct as the county facilities are higher levels of security and do not permit work details or vocational training.

23. Despite the known issues of abuse, the FCIT Management Team granted Defendant Hand unrestricted and unsupervised contact with Plaintiff. Defendant Hand abused his position of authority to threaten and coerce Plaintiff into engaging in sexual activities and keep the abuse quiet for fear of immediate retaliation. Defendant Hand used his access to personal history files, telephone call recordings, and personal emails giving him additional leverage to extract sexual favors and threaten the safety of Plaintiff.

## ACCESS TO COUNSEL

24. FCIT maintains a system of checks and balances that makes access to competent counsel virtually impossible for female inmates that are victims of sexual abuse.

25. First, Defendant Hand threatened Plaintiff with direct and immediate retaliation in the event Plaintiff reported any instances of sexual abuse including time in the special housing unit, loss of privileges, removal from work detail, and write "ups." Defendant Hand reviewed Plaintiff's confidential prison files, emails and recorded telephone conversations to intimidate Plaintiff as part of his psychological coercion. Additionally, Plaintiff observed many examples of punishments handed out to other inmates that challenged or reported abuse by prison officials. Because of the dependency of the officer/inmate relationship for basic necessities and privileges as identified in PREA, any threats of retaliation were magnified, and Plaintiff was unable to safely report the sexual abuse to potential legal counsel in a timely manner.

26. Second, the FCIT Management Team introduced a policy of removal of the female inmates to higher security county prisons or placement in special housing units for any victim reporting allegations of sexual abuse. Plaintiff observed this policy enforced by the FCIT Management Team on countless occasions making reporting instances of abuse a significant safety risk.

27. Third, the FCIT Management Team monitored all of Plaintiff's telephone and email communications with their friends and families and any mention of sexual abuse was flagged and immediately stamped out.

28. Fourth, the FCIT Management Team refused to give Plaintiff access to a secure telephone line to discuss her legal rights with competent legal counsel requiring Plaintiff to use the "open" lines for initial attorney/client interviews that were monitored by prison officials.

29. Plaintiff was finally able to secure counsel and report the instances of sexual abuse through demand letters to the BOP in compliance with the Federal Tort Claims Act. A true and accurate copy of the initial demand letter to the BOP is attached hereto as collective Exhibit A.

30. Even after formally engaging counsel, attorney-client communication remained difficult as the facility insisted that prison staff be present in the rooms where the calls took place.

**MS. SIMON**

31. Beginning in April 2020, Defendant Hand began aggressively pursuing Ms. Simon by frequently stopping by her room during his night shift. These initial encounters quickly escalated into sexual harassment and sexually suggestive comments.

32. In April 2021, things escalated when Defendant Hand entered Ms. Simon's room unannounced around 5:00 am placing his hands down her pants and inserting his fingers into her vagina. Later that month, Defendant Hand forced Ms. Simon into a utility closet and forced her to perform oral sex on him and masturbate his penis until he ejaculated into a condom destroying all evidence of the sexual assault. Defendant Hand then gave Ms. Simon two, $100 bills and instructed her not to tell anyone what occurred.

33. Ms. Simon did not consent or give permission to Defendant Hand to touch her or engage in any sexual activity, nor could she have, as a matter of law. As a result of the sexual assault and harassment from Defendant Hand, Ms. Simon has suffered extensive psychological trauma, depression, pain and suffering, physical trauma and has been denied much needed medical care by the BOP in an obvious attempt to silence her complaints. Ms. Simon demands compensation from the United States of America for this abuse in an amount to be determined at trial.

## COUNT I

## NEGLIGENCE

**(Defendant United States of America)**

34. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-33 of this Complaint for Damages as if fully set forth herein.

35. The FCIT Management Team and the Prison Investigative Agencies owed a duty to Plaintiff while incarcerated at FCIT to "protect public safety by ensuring that federal offenders serve their sentences of imprisonment in facilities that are safe, humane, cost efficient and appropriately secure"[5] as mandated by the BOP.

36. The FCIT Management Team and the Prison Investigative Agencies breached their duties to Plaintiff by negligently supervising, managing and retaining Defendant Hand during Plaintiff's incarceration at FCIT.

37. The FCIT Management Team and the Prison Investigative Agencies breached their duties to Plaintiff by providing Defendant Hand with unrestricted and unsupervised one-on-one access to Plaintiff while incarcerated at FCIT despite knowledge of his past sexual abuse and harassment of female inmates.

38. The FCIT Management Team and the Prison Investigative Agencies breached their duties to Plaintiff by creating a system where victims of sexual abuse and harassment are punished for reporting the sexual misconduct of prison staff by transfer to more secure facilities, removal from educational and vocational programs, placement in special housing units, loss of early release rights, detrimental write-ups and loss of work privileges.

---

[5] https://www.bop.gov/about/agency/ (emphasis added)

39. The FCIT Management Team and the Prison Investigative Agencies breached their duties to Plaintiff under PREA as follows:

- Section 115.11 – failing to enforce zero tolerance policy
- Section 115.13 – failing to supervise and monitor (video surveillance) one-on-one inmate/officer contact
- Section 115.15 – permitting improper cross-gender pat downs
- Section 115.17 – hiring, promoting and retaining officers who "may" have had improper sexual contact
- Section 115.43 – punishing sex victims with involuntary segregated housing, loss of privileges and work permits
- Section 115.61 – failing to report suspicion of sexual abuse
- Section 115.67 – failing to protect inmates from retaliation after reporting abuse
- Section 115.76 – failing to discipline staff for sexual misconduct

40. As a direct and proximate cause of the negligence outlined above, the FCIT Management Team and the Prison Investigative Agencies caused damage to Plaintiff including psychological trauma, emotional distress, depression, physical trauma and pain and suffering.

41. Plaintiff is entitled to damages from the United States of America under the Federal Tort Claims Act for the negligence of the FCIT Management Team and the Prison Investigative Agencies in an amount to be determined at trial.

**COUNT II**

**ASSAULT AND BATTERY**

**(Defendant United States of America)**

42. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-41 of this Complaint for Damages as if fully set forth herein.

43. Defendant Hand, acting within the course and scope of his employment with the BOP as an investigative or law enforcement official, under color of federal law and in violation of 28 U.S.C. § 2680 engaged in the intentional assault and battery of Plaintiff, through unwanted, non-consensual sexual abuse and harassment as detailed in paragraphs 31-33 herein.

44. Defendant Hand caused damage to Plaintiff including psychological trauma, emotional distress, depression, physical trauma and pain and suffering for which the United States of America is liable under the Federal Tort Claims Act in an amount to be determined at trial.

**COUNT III**

**FALSE IMPRISONMENT**

**(Defendant United States of America)**

45. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-44 of this Complaint for Damages as if fully set forth herein.

46. Defendant Hand, acting within the course and scope of his employment with the BOP as an investigative or law enforcement official, under color of federal law, and in violation of 28 U.S.C. § 2680 falsely imprisoned and deprived Plaintiff of her liberty and freedom against her will and consent, without legal authority or necessity, and for the sole purpose of engaging in non-consensual sexual abuse and harassment as detailed in paragraphs 31-33 herein.

47. Defendant Hand caused damage to Plaintiff including psychological trauma, emotional distress, depression, physical trauma and pain and suffering for which the United States of America is liable under the Federal Tort Claims Act in an amount to be determined at trial.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Defendant United States of America)**

48. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-47 of this Complaint for Damages as if fully set forth herein.

49. Defendant Hand, acting within the course and scope of his employment with the BOP as an investigative or law enforcement official, under color of federal law and in violation of 28 U.S.C. § 2680 engaged in the intentional infliction of emotional distress of Plaintiff through unwanted, non-consensual sexual abuse and harassment as detailed in paragraphs 31-33 herein. Defendant Hand's conduct was

(1) intentional and reckless with knowledge that emotional distress would likely result, (2) outrageous and went beyond all bounds of decency to be tolerated in a civilized community, (3) the direct and proximate cause of the emotional distress endured by Plaintiff, and (4) severe and damaging for which the United States of America is liable under the Federal Tort Claims Act in an amount to be determined at trial.

## COUNT V

## CONSTITUTIONAL VIOLATIONS AND BIVENS CLAIMS

**(Defendant Hand)**

50. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-49 of this Complaint for Damages as if fully set forth herein.

51. Defendant Hand acting under color of federal law as a prison guard for the BOP violated Amendment Eight to the United States Constitution by subjecting Plaintiff to "cruel and unusual" punishment while incarcerated by the United States of America engaging in sexual harassment, sexual abuse, false imprisonment, and intentional infliction of emotional distress as outlined in paragraphs 31-33 herein.

52. Defendant Hand acting under color of federal law as a prison guard Violated Amendment Five of the United States Constitution by denying Plaintiff her "due process" and equal protection rights under the law by engaging in sexual

harassment, sexual abuse, false imprisonment, and intentional infliction of emotional distress as outlined in paragraphs 31-33 herein.

53. Plaintiff is entitled to compensatory and punitive damages from Defendant Hand including damages for psychological trauma, emotional distress, depression, physical trauma, pain and suffering and personal injury in amounts to be determined at trial.

**WHEREFORE**, Plaintiff requests that the Court:

1) Grant judgment in favor of Plaintiff on her claims for Negligence, Assault and Battery, False Imprisonment, and Intentional Infliction of Emotional Distress against Defendant United States of America;

2) Grant judgment in favor of Plaintiff on her claims for Constitutional Violations against Defendant Hand;

3) Award damages to Plaintiff in amounts to be determined at trial;

4) Grant Plaintiff a jury trial on all claims triable by jury;

5) Grant Plaintiff her fees, expenses and attorneys' fees; and

6) Grant such other and further relief the Court deems just and proper.

Respectfully submitted this 1st day of September 2022.

*/s/ Christopher Y. Mills*
Christopher Y. Mills
BUSCH MILLS & SLOMKA, LLP
701 South Olive Avenue, Suite 105
West Palm Beach, Florida 33401
(561) 408-0023 (Phone)
*cm@buschmills.com*

**Bryan E. Busch** (*Pro Hac Vice admission in process)*
Georgia Bar No. 006055
bb@buschmills.com
BUSCH MILLS & SLOMKA, LLP
6400 Powers Ferry Road, Suite 391
Atlanta, Georgia 30339

# EXHIBIT A

BUSCHMILLS

Bryan E. Busch
**BUSCH, MILLS & SLOMKA, LLP**
6400 Powers Ferry Rd NW, Suite 391 Atlanta, GA 30339
bb@buschmills.com
*Phone: (404) 800-4062*
Mobile: (770)265-6245

**November 19, 2021**

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7020 1290 0001 8181 1397**
Federal Bureau of Prisons
320 First Street, NW
Washington D.C. 20534

Re: Federal Torts Claim Act (28 USC § 1346 et seq.)

- Sandra Simon
  Inmate Number 07208-104

To Whom It May Concern:

This Firm serves as counsel for the above-named individual (hereafter "Client") who is currently incarcerated by the United States of America at a female prison known as FCI Tallahassee (hereafter "FCIT"). The purpose of this letter is to provide notice to the Federal Bureau of Prisons (hereafter "BOP") of claims for negligence, assault, battery, false imprisonment, conversion, theft, and intentional infliction of emotional distress under the Federal Torts Claim Act ("FTCA") (28 USC § 1346 et seq.). All future communication regarding the claims set forth below or any investigation thereof must be addressed to the undersigned as legal counsel to Client.

This letter also serves as notice to preserve and protect all evidence related to the claims described herein including, physical/DNA evidence, investigative notes and records, video/audio surveillance, computer records, and electronic communications. Failure to safeguard all evidence related to these actions may result in spoliation claims against the correctional institution, the federal government and its agencies and any individuals involved in the destruction or alteration of evidence.

FCIT is operated by the BOP through the United States Department of Justice. FCIT employs correctional officers, facilities staff, and management to oversee and operate the prison facility. The correctional officers are trained, managed, overseen, and paid by the BOP. The correctional officers are federal employees subjecting the United States of America to liability for improper actions committed within the course and scope of their employment.

FCIT employed a male correctional officer by the name of Officer Hand (hereafter "Offending Officer") that routinely sexually abused and harassed our Client during the time she was incarcerated. The Offending Officer was a known sexual predator and had been investigated on numerous occasions for sex crimes against female inmates. The administration was well aware that the victims of sexual abuse were reluctant to report this misconduct for fear of reprisal including transfer to a different facility, disciplinary segregation, loss of early release rights, detrimental write-ups, and loss of work privileges. These retaliatory policies intentionally suppressed complaints of sexual abuse and allowed sexual predators unfettered access to female prisoners.

Despite the known issues of abuse, FCIT granted the Offending Officer direct contact with our Client including one on one access on the third floor where our Client worked as an orderly. The Offending Officer used his position of authority to threaten, intimidate and coerce our Client into engaging in unwanted, non-consensual, sexual activities in direct violation of the Prison Rape Elimination Act ("PREA"). FCIT administrators were directly responsible for the negligent hiring, retention, training, reporting and supervision of the Offending Officer including failure to follow and enforce the following PREA regulations:

- Section 115.11 - failing to enforce zero tolerance policy
- Section 115.13 - failing to supervise and monitor (video surveillance) one-on-one inmate/officer contact
- Section 115.15 - permitting improper cross-gender pat downs
- Section 115.17 - hiring, promoting, and retaining officers who "may" have had improper sexual contact
- Section 115.43 - punishing sex victims with involuntary segregated housing, loss of privileges and work permits
- Section 115.61 - failing to report suspicion of sexual abuse
- Section 115.67 - failing to protect inmates from retaliation after reporting abuse
- Section 115.76 - failing to discipline staff for sexual misconduct

The Offending Officer, acting within the course and scope of his employment with the BOP, engaged in sexual abuse and harassment of our Client as prohibited and defined by PREA. This sexual abuse gives rise to Florida state law claims for assault and battery, false imprisonment, and intentional infliction of emotional distress.

Beginning in April 2018, the Offending Officer began aggressively pursuing our Client during the night shift frequently stopping by and entering her room. These initial discussions quickly led to routine sexual harassment and sexually suggestive comments. On April 30, 2021, the Offending Officer asked our Client to meet him in his office area leaving a dorm area room unlocked for her to enter. Once inside the room, the Offending Officer pulled his pants down, placed a condom on his penis and ordered our Client to perform oral sex on him. The Offending Officer ejaculated into the condom and cleaned himself in a nearby bathroom. The Offending Officer then handed our Client two, one hundred dollar bills and instructed her not to tell anyone what he had instructed her to do.

As a result of the sexual assaults, battery, and harassment our Client has suffered extensive pain and suffering, psychological trauma, physical trauma, emotional distress, and depression. Our Client demands compensation from the federal government for this abuse in an amount of **$320,000**.

We look forward to your timely response.

Sincerely,

Bryan E. Busch