**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SANDRA SIMON,**

     **Plaintiff,**

**vs.**                                                    **Case No. 4:22cv321-WS-MAF**

**UNITED STATES OF AMERICA,**

     **Defendant.**

_____/

## SECOND REPORT AND RECOMMENDATION

There are two pending motions in this case.  The first motion, ECF No. 28, was filed by the Defendant on February 20, 2024, prior to completion of the discovery period.  The second motion, ECF No. 32, was filed by Plaintiff on March 20, 2024, after the discovery period ended.  Both parties contend that the opposing party has not fully complied with their discovery obligations.

Defendant's motion, ECF No. 28, which is supported by separately filed exhibits, ECF No. 27, seeks summary judgment or dismissal of Plaintiff's only remaining claim - a claim for negligence - because "Plaintiff has consistently and repeatedly refused to articulate any basis for how the

United States was supposedly negligent."  ECF No. 28 at 1.  The issue in resolving such a claim is the knowledge and actions of the United States prior to Plaintiff's alleged abuse by Officer Hand, but, according to Defendant, Plaintiff "repeatedly refused to provide this crucial information during discovery."  ECF No. 28 at 3.

After review of that motion, an Order was entered directing Plaintiff to file a response to Defendant's motion by March 21, 2024.  ECF No. 29.  In addition, since that deadline had already been set as the summary judgment motion deadline, *see* ECF No. 26, Plaintiff was permitted to also file her own motion for summary judgment if she desired to do so.  ECF No. 29 at 2.  The parties were given until April 1, 2024, to file replies, if permissible under Local Rule 56.1.  *Id.*

On March 20, 2024,[1] Plaintiff filed an omnibus amended motion, ECF No. 32, seeking to compel Defendant to provide supplemental discovery responses, extend the deadline to complete discovery, and extend the deadline to respond to Defendant's summary judgment motion.  Plaintiff's motion advised that Plaintiff had served Defendant with written discovery

---

[1] Plaintiff filed a motion to compel, ECF No. 31, on March 20, 2024, but filed an amended motion, ECF No. 32, later that same day.

Case No. 4:22cv321-WS-MAF

requests in late October 2023, and Defendant responded with responses

and objections to those requests on January 4, 2024. *Id.* at 2; *see* ECF

No. 32, Ex. B.  Some of Defendant's responses included agreements to

produce more responsive documents after "entry of a 'privacy act order,"

but Plaintiff complained that Defendant did not seek a "privacy act order"

and did not "produce its first round of documents" until January 25, 2024.

*Id.*  Further, Plaintiff said that the documents provided were not responsive

to the relevant document requests.  *Id.*

Plaintiff said that a letter had been sent to opposing counsel on

February 9, 2024, and outlined perceived discovery deficiencies.  ECF No.

32 at 2-3 (citing ECF No. 32, Ex. C).  Plaintiff said that Defendant failed to

respond to the letter, amend its objections, seek a "privacy act order," or

make certain individuals available for depositions.  ECF No. 32 at 3.[2]

Plaintiff contends that Defendant intentionally provided belated

supplemental production at the end of the discovery period, and then five

days later filed its motion for summary judgment "with full knowledge that it

had not complied with its discovery obligations by supplementing its

---

[2] Notwithstanding Plaintiff's argument that Defendant failed to response, Plaintiff
does acknowledge that Defendant "produced additional documents" on February 14th
and 15th.  ECF No. 32 at 3.

Interrogatory Responses, producing all of the requested documentation,
providing dates for witness depositions and failing to respond to Plaintiff's
discovery dispute letter."  *Id.*

Plaintiff argued that without "the relevant information requested by
Plaintiff during the discovery process which Defendant has not provided,
she will not be in a position to respond to the summary judgment motion."
*Id.*  Plaintiff further said that Defendant "should not be rewarded" for its
failure to supplement discovery responses by requiring "Plaintiff [to] file a
summary judgment response without all of the requested information."  *Id.*

In light of that filing, Defendant was directed to respond to Plaintiff's
motion to compel and request to extend the deadlines, ECF No. 32.  ECF
No. 34.  In particular, Defendant was directed to state whether Defendant
was "agreeable to an extension of the discovery period."  *Id.* at 3.

Defendant responded, ECF No. 37, and pointed out that Plaintiff's
motion to compel and extend deadlines was impermissibly filed after the
close of discovery.  ECF No. 37 at 1-2.  Defendant contends Plaintiff's
motion should be denied for that reason alone.  *Id.* at 2.  Defendant also
objects to granting Plaintiff's motion because Plaintiff did not confer with
opposing counsel, *id.* at 2-4, because the motion is inaccurate, *id.* at 6-8,

Case No. 4:22cv321-WS-MAF

and because diligence was not shown.  *Id.* at 8-9.  Furthermore, Defendant

objects to extending the discovery period any further.[3]  *Id.* at 8.

Because Plaintiff had responded to only part of Defendant's motion

and did not address Defendant's argument that Plaintiff had refused to

properly respond to discovery requests, another Order was entered and

required Plaintiff to respond to that part of Defendant's motion which

sought dismissal for failure to participate in discovery.  ECF No. 34.

Plaintiff was <u>not</u> required to respond to that part of the motion which sought

summary judgment, and Plaintiff's deadline was extended to March 25,

2024.  ECF No. 34.

On March 27th, Plaintiff filed a belated response,[4] ECF No. 35, and

acknowledged that Plaintiff was "reluctant to provide the names" of persons

in response to several interrogatories.  *Id.* at 2.  Plaintiff wanted to provide

the "information directly to Defendant in her upcoming deposition."  *Id.*

When Defendant objected, Plaintiff gave a "supplemental answer a few

---

[3] Discovery has already been extended once in this case, based on Defendant's filing of an unopposed motion.  ECF No. 25.  Notably, the basis for the motion was due to delay in receiving responses from Plaintiff and the difficulty in scheduling Plaintiff's deposition which must be taken at her prison facility in California.  *Id.*

[4] Counsel advised that he was serving a "6-week volunteer military service in Israel" which caused the 2-day delay in filing the response.  ECF No. 35, n.1.

weeks later . . . stating that Plaintiff was only able to recall the nicknames of these individuals" at that time.  *Id.*   However, Plaintiff contends that she has "complied in good faith with her discovery obligations under the current circumstances of her incarceration."  *Id.*  Plaintiff argues that this "simple dispute . . . over one interrogatory response is not grounds to dismiss Plaintiff's entire action and Defendant's Motion to Dismiss should be denied."  *Id.* at 3.

On April 2, 2024, Defendant filed a reply.  ECF No. 36.[5]  Local Rule 7.1(I) provides that a "party ordinarily may not file a reply memorandum in support of a motion."  A reply[6] is permissible in support of a summary judgment motion, N.D. Fla. Loc. R. 7.1(I), but the summary judgment aspect of Defendant's motion was stayed by the March 21st Order.  ECF No. 34 at 3.  Plaintiff was, instead, directed to respond to that part of the motion which sought dismissal for failure to participate in discovery.  *Id.*

---

[5] Counsel apologized that the reply was one day late due to unforeseen VPN issues.  *Id.* at 1.  Considering Plaintiff's response was also filed belatedly, Defendant's reply will not be rejected because it was late.

[6] The Court acknowledges that initially, *see* ECF No. 29, the parties were given an April 1, 2024, deadline "to file replies, if permissible under Local Rule 56.1."  Yet the second Order, ECF No. 34, altered that course since Plaintiff was not directed to respond to Defendant's request for summary judgment.  Plaintiff was only required to respond to Defendant's motion to dismiss in light of Plaintiff's argument that it would be unfair to require her to respond to summary judgment at this point in the litigation.

Case No. 4:22cv321-WS-MAF

Under the circumstances, a motion should have been filed seeking leave to file a reply memorandum.  *Id.*  The reply, ECF No. 36, has not been considered.

## PLAINTIFF'S MOTION, ECF NO. 32

Prior to responding to Plaintiff's amended motion to compel and extend deadlines, ECF No. 32, Defendant filed a notice to the Court advising that Plaintiff "did not confer" as to her requests.  ECF No. 33 at 1. It is unclear whether Defendant meant that Plaintiff had not conferred concerning the requests for extensions of time, or for all requests.  *Id.*  At any rate, Defendant disputes the certification included by Plaintiff on the motion which said that counsel's office had conferred with Defendant's counsel and Defendant "opposed" the motion.  ECF No. 32 at 9.  Counsel for Defendant also noted that Plaintiff's motion was filed by attorney Howard Slomka, but counsel said that she had "never received an email from" Mr. Slomka and had never spoken with him.  ECF No. 33 at 1, n.1.

First, not receiving an email or telephone call from Mr. Slomka is not the same as not having any contact with "counsel's office."  If contact was made, that is sufficient.  Here, it is unclear whether that occurred.

Second, review of the exhibits submitted by the parties concerning the discovery issues reveals that all communications sent to and from Plaintiff's counsel pertaining to discovery involved Mr. Bryan Busch, not Mr. Howard Slomka.  ECF No. 27 at 63, 71, 72, 74,[7] 77, 78-81.  Plaintiff's own request for production was sent by Mr. Brian E. Busch, an attorney in the firm Busch Mills & Slomka, LLP, not Mr. Slomka.  ECF No. 32-1 at 19-20.  Mr. Busch is admitted to the State Bar of Georgia, but he is not admitted to this Court and has not filed a motion for *pro hac vice* status either.[8]  It is presumed that the motion was filed by Mr. Slomka because he is admitted to this Court and Mr. Busch is not.

Nevertheless, a challenge to a certificate of conferral is troubling and the Court is concerned by Plaintiff's statement of conferral which is disputed by Defendant.  The conferral requirement is not to be taken lightly.  Local Rule 7.1(B) requires a "meaningful conference with an attorney for the adverse party."  It cannot be meaningful if counsel has not spoken to opposing counsel.

---

[7] At least one email response was from a paralegal in counsel's office, but the email was also sent to Mr. Busch.  ECF No. 27-9 at 1.

[8] Mr. Busch has not filed any documents in this case.

Furthermore, the Court questions how the conferral requirement could be met - or be meaningful - when one attorney handles all discovery requests and responses, but another attorney - unfamiliar to opposing counsel - files a motion to compel arguing that discovery responses were insufficient.  Unfamiliarity suggests a lack of communication, and here, none of the exhibits submitted by the parties shows Mr. Slomka was involved in the discovery process.  ECF Nos. 37, 32.  The discovery requests involved Mr. Busch; only the recent motions to compel, ECF Nos. 31-32, and the response to Defendant's summary judgment motion, ECF No. 35, were filed by Mr. Slomka.[9]  Conferring is a prerequisite to compelling, and that has not been sufficiently shown.

In addition to concerns over the lack of meaningful conferral, the amended motion to compel, ECF No. 32, was filed on March 20, 2024, after the discovery deadline (February 29, 2024).  *See* ECF No. 26.  The Initial Scheduling Order made clear that motions to compel must not to be

---

[9] Mr. Slomka entered a notice of appearance and substitution of counsel on July 17, 2023.  ECF No. 22.  All initial filings up to that point had been filed by counsel Christopher Y. Mills, an attorney in the same firm of Busch Mills & Slomka, LLP.  *See* ECF Nos. 1-4, 8, 10, 20.

"filed after the close of discovery."  ECF No. 18 at 8.  The motion was filed

20 days late and in violation of the Scheduling Order.

The Court questions whether Plaintiff's motion would have been filed

at all had Defendant not filed the motion for summary judgment or to

dismiss based on Plaintiff's discovery failures.  The likely answer is "no"

considering that the motion complains about responses to a discovery

request served on October 27, 2023.  *See* ECF No. 32-1 at 20.  Counsel

waited far too long to complain about that issue.

Further, Defendant argues that Plaintiff's motion presents erroneous

information.  ECF No. 37 at 6.  For example, Plaintiff said Defendant did

not file its responses and objections to her first request for production and

first interrogatories until January 4, 2024.  ECF No. 32 at 2 (citing to ECF

No. 32, Ex. B).  Yet Defendant has demonstrated that responses to

Plaintiff's interrogatories were provided to Plaintiff's counsel on December

10th, "before" the agreed upon deadline.  ECF No. 37 at 6 (citing to ECF

No. 27-10; ECF No. 32-2 at 28).  Defendant points to an email to support

its position that responses to interrogatories were served on December 10,

2023.  ECF No. 27-10 at 1.

Even so, no exhibit has been presented which demonstrates when Defendant served a response to the request for production.  Plaintiff claimed that "Defendant waited until January 25, 2024, to produce its first round of documents" and that the production "did <u>not</u> contain any documents that were responsive to the" document request.  ECF No. 32 at 2.  That amount of time would be extraordinarily long for an October request.[10]  Plaintiff's counsel should have alerted the Court to the problem in January, during discovery, not in March, after discovery.  Plaintiff never filed a motion to compel during the discovery period to complain that no responsive documents were submitted.  Discovery problems should be resolved during the discovery period, not afterwards.

An additional problem with Plaintiff's motion is her argument that Defendant's response to the request for production advised that some records could not be provided without entry of "a Privacy Act Order" and that Defendant did not seek such an Order.  ECF No. 32 at 5.  Plaintiff claims that she "waited patiently for Defendant . . . to seek a "privacy act

_____

[10] Exhibit B is Defendant's response to the request for production.  ECF No. 32-2. Because the response is not dated, the Court cannot determine if it was a timely response.

Case No. 4:22cv321-WS-MAF

order," but Defendant did not do so.  *Id.* at 2.  Plaintiff's argument is not well taken.

Review of Defendant's responses to Plaintiff's discovery requests show that Defendant advised that "Plaintiff's BOP medical records [would] be provided upon receipt of a Privacy Act Order or executed waiver from Plaintiff."  ECF No. 32-3 at 3.  The same statement was made concerning Plaintiff's requests for "Plaintiff's BOP psychology records."  *Id.* at 3.  It is disingenuous to argue that Defendant failed to pursue a Privacy Act Order when the records Plaintiff sought could have been obtained if Plaintiff had simply executed a waiver.  Plaintiff has wrongfully attempted to place all the blame on opposing counsel when Plaintiff could have taken steps to obtain the desired discovery.

Plaintiff has not shown good cause for filing the belated motion, ECF No. 32, nor has Plaintiff demonstrated diligence such that the discovery deadline should be extended or, more properly, restarted.  Plaintiff has had since June 8, 2023, to seek discovery.  *See* ECF No. 18.  On this record, it appears that Plaintiff waited over four months - until October 27, 2023 - to serve any discovery requests on the Defendant.  ECF No. 32 at 2.  That does not show diligence.  Further, Plaintiff received what she claimed were

insufficient responses, or no responsive documents at all, near the end of

the discovery period.  Yet with the deadline approaching, Plaintiff still did

not file a motion to compel.  It appears that Plaintiff made only one effort -

the conferral letter dated February 9, 2024 - to resolve the discovery

dispute.  ECF No. 32-3 at 2.  That is not diligence either.  Plaintiff's motion

to compel, ECF No. 32, should be denied.[11]

## DEFENDANT'S MOTION, ECF NO. 28

Defendant served interrogatories to Plaintiff on July 18, 2023, which

sought information highly relevant to Plaintiff's claim.[12]  ECF No. 28 at 4.

On the response deadline, Plaintiff asked for a 45-day extension, which

---

[11] In light of this determination, the Court has not addressed the other alleged
discovery failures asserted as to Defendant's responses to document requests 15-16,
18-19, 27, 48-49, and interrogatory requests 7 and 16.

[12] Defendant request answers to three key interrogatories:
a.  What facts are you aware of that cause you to believe that Defendant Hand
was a known sexual predator to the FCIT Management Team and the Prison
Investigative Agencies as described in paragraph 21 of your Complaint?
b.  Please identify each employee of the Bureau of Prisons that you assert knew
of any sexual predation by Defendant Hand, state how you know that employee
was aware, and indicate when that employee became aware?
c.  Your Complaint states that Officer Hand gave you two $100.00 bills and
instructed you not to tell anyone about what happened.  What did you do with the
two $100.00 bills given to you by Officer Hand?  If you gave them to anyone,
please identify the person to whom you gave them, and state how and when you
gave them to that person.

ECF No. 28 at 5 (citing to [ECF No.27-5, Nos. 5, 6, 15).

Case No. 4:22cv321-WS-MAF

Defendant did not oppose.  *Id.* at 5.  Plaintiff eventually responded on

October 2, 2023, *see* ECF No. 27-7, and on the following day, counsel for

Defendant sent Plaintiff's counsel a letter outlining concerns with Plaintiff's

responses.  ECF No. 28 at 5; *see also* ECF No. 27-8.  Plaintiff's counsel

"indicated that an additional 30 days was needed to address" the concerns

raised in the letter.  ECF No. 28 at 6.  Again, Defendant did not oppose the

request, but no "response was ever provided."  *Id.*

Defendant did not raise the deficiencies again until December 10,

2023.  On that date, a second email was sent to Mr. Busch seeking a

status update on Plaintiff's response and also addressing other issues.

ECF No. 28 at 6 (citing to ECF No. 27-10).  Again, no response was

provided.  ECF No. 28 at 7.

On January 22, 2024, the issue of Plaintiff's deficient discovery

responses were raised for the third time in another email to Mr. Busch.

ECF No. 27-11.  At that point, Defense counsel also raised the prospect of

filing a motion to compel if more "fulsome responses" were not provided by

the end of the week.  ECF No. 27-11 at 5.  Plaintiff's counsel responded by

advising he was "unable to get any confirmation on the updated discovery

responses" and suggested raising the questions during the deposition. ECF No. 28 at 7.

Defendant's counsel was understandably concerned about traveling from Florida to California to depose Plaintiff when she had "refused to provide appropriate responses to interrogatories . . . ." *Id.* A fourth email was sent to Plaintiff's counsel on January 29, 2024, seeking resolution of Plaintiff's deficient interrogatory responses. ECF No. 27-11 at 3-4. At that point, Plaintiff's counsel advised that Plaintiff was "more comfortable discussing [her] answers in her deposition directly" to Defendant's counsel. ECF No. 27-11 at 3.

A fifth effort was made to obtain more complete responses to the interrogatories on the following day, January 30, 2024. ECF No. 27-11 at 2. Mr. Busch was informed of the defense position - that the Government was "entitled to responses" before counsel flew to California for a deposition and Defendant intended to "seek relief." *Id.* Plaintiff's counsel responded that evening by stating that he was trying to "schedule a legal call" with the Plaintiff and then would put something in writing. *Id.* Mr. Busch said he would advise when the call was scheduled. *Id.*

Counsel reached out for a sixth time on February 1, 2024, seeking an update.  ECF No. 27-11 at 1.  Defendant's counsel advised that discovery would close the end of the month, and they could not wait much longer to resolve the issue.  *Id.*  When no response was received, so counsel once again attempted to follow up with Mr. Busch on February 5, 2024.  *Id.*  At that point, Mr. Busch advised that he had spoken with Ms. Simon and said "that she could not recall the real names of the other inmates that were assaulted as everyone went by nick names."  *Id.*

Defendant objects to Plaintiff's refusal to provide full responses to her interrogatories.  ECF No. 28 at 7.  Defendant points out that the information sought is relevant and that Plaintiff has not lodged a proper objection.  *Id.*  While it is permissible to produce business records in response to an interrogatory, Rule 33 does not permit refusing to answer until questioned during one's deposition.  Fed. R. Civ. P. 33(d).

As an initial observation, the Court agrees that the information sought by Defendant is relevant and necessary to support Plaintiff's claim that the Defendant "United States is liable for negligence" because it knew Officer Hand was a threat to Plaintiff, yet did nothing.

Additionally, the Court agrees that Plaintiff has not lodged an objection to the information sought and, thus, Plaintiff is required by Rule 33(b)(3) to answer each interrogatory "fully in writing under oath." Plaintiff's interrogatory answers do not comply with that Rule.

For example, Interrogatory #4 asked to describe punishments "handed out to other inmates that challenged or reported abuse by prison officials as described in paragraph 25 of" Plaintiff's complaint. ECF No. 27-7 at 2. Plaintiff answered: "I do not wish to include any individuals in this segment." *Id.* That is not an acceptable response.

Similarly, Interrogatory #5 asked what facts caused Plaintiff "to believe that Defendant Hand was a known sexual predator to the FCIT Management Team . . . ." ECF No. 27-7 at 2-3. Plaintiff said it was due to her "own interactions" and she "became aware that several other inmates over the years also had sexual relations with Defendant Hand." *Id.* at 3. That answer is not fully responsive to the interrogatory.

Likewise, Interrogatory #6 asked Plaintiff to identify BOP employees that she contends "knew of any sexual predation by Defendant Hand, state how you know that employee was aware, and indicate when that employee became aware." ECF No. 27-7 at 3. That interrogatory seeks key

information, but Plaintiff responded: "I am without sufficient knowledge or understanding as to what if anything, any BOP employee knew." *Id.* The lack of such information would suggest Plaintiff cannot support her claim.[13] More importantly, that response does not "fully" answer the interrogatory.

Another example of an insufficient answer is to Interrogatory #15. Plaintiff's complaint alleged that Officer Hand gave her two $100.00 bills and told her not to tell anyone about what happened. ECF No. 27-7 at 5. The interrogatory sought to know what Plaintiff did with the money, and Plaintiff responded: "I mailed the payments to someone who was helping me handle my money while incarcerated." *Id.* That is an evasive answer and is insufficient.

Accordingly, the Court agrees that Plaintiff is not fully participating in the discovery process. The hindrances to discovery must be placed squarely on the Plaintiff and not her counsel. Defendant is correct in noting that the information sought is "within her control" to provide, but Plaintiff has not identified other alleged victims and has not identified how the BOP

---

[13] The complaint alleged that Defendant Hand was given "unrestricted and unsupervised one-on-one access to Plaintiff while incarcerated at FCIT despite knowledge of his past sexual abuse and harassment of female inmates." ECF No. 1 at 13, ¶37.

Case No. 4:22cv321-WS-MAF

would have known that Officer Hand posed a threat to inmates.  ECF No.
28 at 12-13.  Further, Plaintiff - not her counsel - knows who she sent the
money to which was allegedly given to her by Officer Hand.  *Id.* at 13.
Plaintiff knows what she observed, she knows what other BOP officials
may have said which would lead her to believe they were aware of Officer
Hand's alleged abuse, and Plaintiff should know how other inmates were
punished or harassed to suppress complaints of sexual misconduct.  It is
Plaintiff's responsibility to respond to discovery requests, it is Plaintiff's
burden to support her claims and, pursuant to Rule 26, Plaintiff is required
to disclose certain information "without awaiting a discovery request."  Fed.
R. Civ. P. 26(a)(1)(A).  That information includes "the name and, if known,
the address and telephone number of each individual likely to have
discoverable information—along with the subjects of that information—that
the disclosing party may use to support its claims or defenses . . . ."  Fed.
R. Civ. P. 26(a)(1)(A)(i).  The Court agrees that Plaintiff has not, thus far,
provided key and relevant information as part of the discovery process.

However, the Court disagrees with Defendant's assertion that Plaintiff
refuses "to provide key information relevant to her negligence claim in this
lawsuit."  ECF No. 28 at 8.  Plaintiff is hindering the process, but a

suggestion that further information will be provided during Plaintiff's deposition is not the same as refusing.

Another disagreement is with Defendant's contention that "the United States is entitled to dismissal" of Plaintiff's negligence claim. ECF No. 28 at 2. Rule 37(b) does authorize a Court to impose sanctions on a party and one of the sanctions listed is to dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). However, dismissal of a case "is considered a sanction of last resort, applicable only in extreme circumstances." Soto v. Miami Dade Cnty., 760 F. App'x 855, 859 (11th Cir. 2019) (quoting Goforth v Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). This is not an extreme circumstance and there is no indication that lesser sanctions would not suffice.

Moreover, the Rule 37 sanction is permissible when a party "fails to obey an order to provide or permit discovery . . . ." Fed. R. Civ. P. 37(b)(2)(A). Plaintiff has not failed to obey such an order because Defendant never filed a motion to compel. Had that motion been filed, and had Plaintiff still not fully answered the interrogatories after being ordered to do so, Defendant's motion would stand on more solid ground. On this

record, however, the Court recommends that Defendant's motion to dismiss, ECF No. 28, be denied.

Further, because both parties argue that the opposing party has not fully provided necessary discovery, it is recommended that the discovery period be extended and the parties required to confer as to what outstanding discovery is relevant and should be provided. The conferral process should be meaningful, identifying specific discovery that must be produced. If the parties are unable to reach agreement, an appropriate motion may be filed. At this time, however, dismissal is not warranted.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss for failure to participate in discovery, ECF No. 28, be **DENIED**, that Plaintiff's amended motion to compel, ECF No. 32, be **DENIED**, but that the discovery period be extended so that both parties can obtain responses to the outstanding discovery.

**IN CHAMBERS** at Tallahassee, Florida, on April 12, 2024.

Case No. 4:22cv321-WS-MAF

S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**