IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SANDRA SIMON,

    Plaintiff,

v.                                                                        4:22cv321–WS/MAF

UNITED STATES OF AMERICA,

    Defendant.

_____

### ORDER ADOPTING, IN PART, AND REJECTING, IN PART, THE MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION

Before the court is the magistrate judge's second report and recommendation (ECF No. 38) docketed April 12, 2024. The magistrate judge recommends that Defendant's motion to dismiss (ECF No. 28) for failure to participate in discovery be denied, that Plaintiff's amended motion to compel (ECF No. 32) supplemental discovery responses be denied, and that the discovery period be extended. Defendant has filed partial objections (ECF No. 39) to the report and recommendation. Defendant does *not* object to the magistrate judge's recommendation that its motion to dismiss be denied but does object to an extension of the discovery period. Plaintiff has not objected to the magistrate

judge's report and recommendation regarding the denial of her motion to compel, nor has she replied to the Defendant's objection to an extension of the discovery period.

By order (ECF No. 26) dated October 27, 2023, the magistrate judge granted Defendant's motion for an extension of the discovery period and set the new discovery deadline—the third such deadline—for February 29, 2024.[1] By that same order, the magistrate judge set a March 21, 2024, deadline for filing motions for summary judgment. On February 20, 2024 Defendant filed its "Motion for Summary Judgment and/or to Dismiss for Failure to Participate in Discovery" (ECF No. 28). On March 20, 2024, three weeks after the close of discovery, Plaintiff, through counsel,[2] belatedly filed a motion (ECF No. 32) (1) to compel Defendant to provide supplemental discovery responses, (2) to extend the discovery period for ninety (90) days, and (3) for an extension of time to respond to Defendant's motion for summary judgment.[3] Plaintiff did not file a motion for

---

[1] The discovery deadline was originally set (ECF No. 18) for September 29, 2024, then extended (ECF No. 24) to December 29 on the parties' joint request for an extension.

[2] The court notes that Plaintiff has been represented by counsel throughout this litigation.

[3] By local rule, Plaintiff's response to Defendant's motion for summary judgment was due twenty-one (21) days after the motion was filed. Although her response was thus due no later than March 12, 2024, Plaintiff waited until March

summary judgment within the set time period.

In recommending denial of Plaintiff's belated motion to compel Defendant to provide supplemental discovery responses, the magistrate judge wrote:

> Plaintiff has not shown good cause for filing the belated motion, ECF No. 32, nor has Plaintiff demonstrated diligence such that the discovery deadline should be extended, or more properly, restarted. Plaintiff has had since June 8, 2023, to seek discovery. *See* ECF No. 18. On this record, it appears that Plaintiff waited over four months—until October 27, 2023—to serve any discovery requests on the Defendant. ECF No. 32 at 2. That does not show diligence. Further, Plaintiff received what she claimed were insufficient responses, or no responsive documents at all, near the end of the discovery period. Yet with the deadline approaching, Plaintiff still did not file a motion to compel. It appears that Plaintiff made only one effort—the conferral letter dated February 9, 2024—to resolve the discovery dispute. ECF No. 32–3 at 2. That is not diligence either. Plaintiff's motion to compel, ECF No. 32, should be denied.

ECF No. 38 at 12–13. Plaintiff has filed no objections to the magistrate judge's report and recommendation regarding her motion to compel. As did the magistrate judge, the undersigned finds that Plaintiff's belated motion to compel should be denied because Plaintiff has *not* "demonstrated diligence such that the discovery deadline should be extended, or more properly, restarted." ECF No. 38 at 12.

Despite having determined that Plaintiff was not diligent during the discovery period, such that her motion to compel supplemental discovery

---

20 to seek an extension of the response time.

responses from Defendant should be denied, the magistrate judge has recommended that the discovery period be extended. Defendant objects to this recommendation. In Defendant's words: "The ultimate recommendation to extend the discovery period does not square with the Magistrate Judge's extensive findings surrounding Plaintiff's lack of diligence on multiple fronts during the discovery period." ECF No. 39 at p. 4. Plaintiff has not replied to Defendant's objection.

Defendant's unopposed objection to the magistrate judge's recommendation regarding a discovery-period extension has merit. Rule 16 of the Federal Rules of Civil Procedure provides that "[a] [discovery] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *White v. Sacred Heart Health Sys., Inc.*, No. 3:13cv532–MCR/EMT, 2016 WL 1426450, at *7 (N.D. Fla. Mar. 11, 2016) (internal quotation marks omitted); *see also Paylan v. Teitelbaum*, No. 1:15cv159–MW/GRJ, 2017 WL 11490028, at *1–2 (N.D. Fla.

July 5, 2017) ("If a party was not diligent, then there is no good cause for an extension. . . . The Court's case management schedule does not contemplate parties waiting to conduct discovery and then after a motion for summary judgment has been filed, reopen discovery to conduct discovery that a party could have and should have conducted months ago."). In this case, the record is clear that Plaintiff has *not* demonstrated good cause justifying yet another extension of the discovery period.

Accordingly, it is ORDERED:

1. The magistrate judge's second report and recommendation (ECF No. 38) is ADOPTED to the extent it addresses Defendant's motion (ECF No. 28) to dismiss for failure to participate in discovery and Plaintiff's motion (ECF No. 32) to compel supplemental discovery.

2. The magistrate judge's second report and recommendation (ECF No. 38) is REJECTED to the extent an extension of the discovery period is recommended.

3. Defendant's motion to dismiss (ECF No. 28) is DENIED.

4. Plaintiff's amended motion (ECF No. 32) to compel and extend discovery is DENIED.

5. Plaintiff's request (ECF No. 32) for an extension of the summary judgment response date is GRANTED.

7. Plaintiff shall have up to and including July 6, 2024, to respond to Defendant's motion for summary judgment (ECF No. 28).

8. The clerk shall return the case to the magistrate judge for further proceedings.

DONE AND ORDERED this ___14th___ day of ___June___, 2024.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE