Page 1 of 12

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SANDRA SIMON,**

    **Plaintiff,**

**vs.**                                             **Case No. 4:22cv321-WS-MAF**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**_____/**

## THIRD REPORT AND RECOMMENDATION

Pending is Defendant's motion for summary judgment, ECF No. 28, on Plaintiff's sole remaining claim for negligence.[1]  Notably, Defendant filed the motion as one seeking summary judgment or, in the alternative, requesting this case be dismissed due to Plaintiff's failure to participate in discovery.  *Id.*  A recommendation was entered to deny the motion to dismiss but extend the discovery period.  ECF No. 38.  That

---

[1] Plaintiff's complaint, ECF No. 1, was initially filed against the United States of America as well as Officer Hand, a correctional officer employed by the Bureau of Prisons who worked at the Federal Correctional Institution in Tallahassee.  An Order to Show Cause was entered on June 8, 2023, ECF No. 17, requiring Plaintiff to demonstrate that Defendant Hand had been served with process.  Plaintiff responded by filing a notice of voluntary dismissal as to Defendant Hand.  ECF No. 20.

recommendation was adopted in part. ECF No. 40. Defendant's motion to dismiss, ECF No. 28, was denied, discovery closed, and the case was remanded for further consideration of the summary judgment aspect of the motion. ECF No. 40.

Plaintiff was given an opportunity to respond to the motion for summary judgment, ECF No. 41, and her response was timely filed. ECF No. 42. Defendant also filed a timely reply, ECF No. 44, to Plaintiff's response. The motion is ready for a ruling.

**The Complaint, ECF No. 1**

Plaintiff alleges she was sexually abused by Officer Hand in April 2021 while she was incarcerated at FCI, Tallahassee. ECF No. 1. On one occasion, Plaintiff alleged that Officer Hand entered her room at 5:00 a.m., putting "his hands down her pants and inserting his fingers into her vagina." *Id.* at ¶ 32. On a second occasion later that same month, Officer Hand forced Plaintiff "into a utility closet and forced her to perform oral sex on him and masturbate his penis until he ejaculated into a condom destroying all evidence of the sexual assault." *Id.* After the assault, Officer Hand gave her "two, $100 bills and instructed her not to tell anyone what occurred." *Id.*

Plaintiff's claim against the United States is for negligence.[2] ECF No. 1 at 12-14. Plaintiff alleges that the prison officials had a duty to protect her safety, but they breached that duty "by negligently supervising, managing and retaining [Officer] Hand during Plaintiff's incarceration at" FCI Tallahassee. *Id.* at ¶ 35 - ¶ 36. Specifically, Plaintiff claimed that Officer Hand was provided "unrestricted and unsupervised one-on-one access to Plaintiff . . . despite knowledge of his past sexual abuse and harassment of female inmates." *Id.* at ¶ 37.

In addition, Plaintiff claims that prison officials "breached their duties to Plaintiff by creating a system where victims of sexual abuse and harassment are punished for reporting the sexual misconduct of prison staff by transfer to more secure facilities, removal from educational and vocational programs, placement in special housing units, loss of early release rights, detrimental write-ups and loss of work privileges." *Id.* at ¶ 38. She alleged eight (8) violations of the Prison Rape Elimination Act

---

[2] Previously, Plaintiff's claims for assault and battery (Count II), false imprisonment (Count III), and intentional infliction of emotional distress (Count IV) were dismissed because Officer Hand was not acting within the scope of his employment as a correctional officer, and, therefore, the Government could not "be held vicariously liable for Officer Hand's alleged actions." ECF No. 16 at 4.

["PREA"] and she seeks damages under the Federal Tort Claims Act ["FTCA"] for negligence. *Id.* at ¶ 39, ¶41.

**Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Here, the parties were provided sufficient time to conduct discovery. ECF Nos. 18, 23-26.

Defendant, as the moving party, "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. "When a moving party has

discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2554). Plaintiff, as the nonmoving party, cannot rest upon the allegations or denials stated in the pleadings. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well established that "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989) (quoted in Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005)).

"[T]he Eleventh Circuit 'has consistently held that conclusory allegations without specific supporting facts have no probative value.'" Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) (quoted in Isbell v. Carnival Corp., 462 F. Supp. 2d 1232, 1235 (S.D. Fla. 2006)). "The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment." Henderson v. Carnival

Case No. 4:22cv321-WS-MAF

Corp., 125 F. Supp. 2d 1375, 1376 (S.D. Fla. 2000) (quoted in Isbell, 462 F. Supp. 2d at 1235-36).

**Rule 56 Evidence**

Officer Hand was hired by the Bureau of Prisons ["BOP"] as a correctional officer in 2012. ECF No. 27-1 at 31. A background investigation was conducted and a "favorable adjudication" was issued at the time of hiring. ECF No. 27-2 at 1. A supplemental background investigation was conducted six years later, also resulting in a "favorable adjudication." *Id.* at 2. Officer Hand received positive employee performance appraisals each year which include comments such as "Great Job" and "Keep up the good work!" ECF No. 27-1 at 3-32. Since at least April of 2014, Officer Hand received nothing less than excellent and outstanding evaluations. *Id.*

Plaintiff has pointed to a federal public record - a Senate Report - to show that sexual assaults have occurred at FCI Tallahassee. ECF No. 42 at 5-7. However, Plaintiff did not submit the exhibit with the response, despite including a footnote which says: "*See* Exhibit 2 to Senate Report." ECF No. 42 at 7, n.4. Plaintiff's response included only one Exhibit, ECF No. 42-1, and it was not the Senate Report.

Although the Court is permitted to take judicial notice of a public record, there is no need to do so in this case because Plaintiff has not pointed to any specific evidence from that public record which shows that a report of a sexual assault was made that involved Officer Hand. Instead, Plaintiff has attempted to show "systemic institutional failures," but that is not relevant to Plaintiff's limited claim against the United States.

**Analysis**

"The United States government may not be sued without its consent, and this immunity extends to federal government agencies." Rodriguez v. United States, 415 F. App'x 143, 145 (11th Cir. 2011) (citation omitted). Congress has carved out a limited waiver of sovereign immunity under the FTCA which allows the United States to be held liable for negligent or wrongful actions committed by its employees within the scope of their official duties. 28 U.S.C. § 2679(b)(1); Rodriguez, 415 F. App'x at 145. The Act "provides that the 'United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.'" 28 U.S.C. § 2674 (quoted in United States v. Muniz, 374 U.S. 150, 153, 83 S. Ct. 1850, 1852–53, 10 L. Ed. 2d 805 (1963) (finding it "clear that Congress

intended to waive sovereign immunity in cases arising from prisoners' claims"). In that context, the Court held in Muniz "that a prisoner who was assaulted by other inmates could recover damages from the United States because prison officials were negligent in failing to prevent the assault that caused his injury." Sheridan v. United States, 487 U.S. 392, 398-99, 108 S. Ct. 2449, 2454, 101 L. Ed. 2d 352 (1988).

"In analyzing an FTCA claim, this court applies the law of the state where the alleged tort occurred." Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoted in Lambert v. United States, 198 F. App'x 835, 838 (11th Cir. 2006)). "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." Lambert, 198 F. App'x at 838 (quoting Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001)); *see also* Stevens v. Battelle Mem'l Inst., 488 F.3d 896, 899, n.3 (11th Cir. 2007) ("Liability in an FTCA action is determined in accordance with the law of the place where the government's act or omission occurred").

In this case, Plaintiff specifically alleged that prison officials breached their duty to protect her safety "by negligently supervising, managing and

retaining" Officer Hand as an employee at FCI Tallahassee.  "The Bureau of Prisons is obligated to 'provide for the safekeeping, care, and subsistence' of all federal prisoners."  McFarland v. Warden, 557 F. App'x 915, 916 (11th Cir. 2014) (quoting 18 U.S.C. § 4042(a)(2)).  Thus, the Court finds that a duty of care was owed to Plaintiff.  That is, however, the only finding that can be made in Plaintiff's favor.

"Negligent supervision 'occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment.'"  Quashen v. Carnival Corp., 576 F. Supp. 3d 1275, 1304 (S.D. Fla. 2021) (citations omitted).  Plaintiff acknowledges that liability "stems from the continued employment of someone the employer knows or should know is dangerous, incompetent, or liable to harm others."  ECF No. 42 at 8.  Despite that awareness, Plaintiff has not come forward with any evidence to show BOP knowledge.  Plaintiff has not demonstrated that the BOP received prior complaints of sexual misconduct committed by Officer Hand.  Indeed, Plaintiff has not provided evidence to show that Plaintiff was sexually assaulted by Officer Hand.

Plaintiff claims that "Defendant refused to produce <u>any evidence</u>" concerning issues related to sexual assaults in federal prisons and at FCI Tallahassee. ECF No. 42 at 7. In support of that contention, Plaintiff points to Defendants' responses to four of Plaintiff's interrogatories. *Id.* (citing to Ex. A). Plaintiff argues that the lack of evidence "demonstrates Defendant's complicity in the ongoing conditions and the environment which led to the sexual assault of Plaintiff." *Id.*

First, Plaintiff <u>never</u> filed a single motion to compel during discovery. If Plaintiff believed the Defendant was refusing to participate in discovery or was acting in bad faith by not responding to a discovery request, such a motion should have been timely filed. Plaintiff filed only one motion to compel, ECF No. 32, in this case, and that was in response to Defendant's motion for summary judgment or, in the alternative, to dismiss for failure to participate in discovery. That motion was filed after the discovery period closed and was only submitted because of Defendant's motion. The Initial Scheduling Order made clear that motions to compel must not to be "filed after the close of discovery." ECF No. 18 at 8. Plaintiff's motion was filed 20 days late and in violation of that Order.

Case No. 4:22cv321-WS-MAF

Second, Plaintiff's argument that Defendant refused to produce evidence" is based on her displeasure with Defendant's responses to several of the Interrogatories.  ECF No. 42 at 7.  Yet, Defendant served answers on November 30, 2023.  ECF No. 32-2 at 28.  If there was a basis to challenge those responses, it should have been done before March 20, 2024, when the motion to compel, ECF No. 32, was filed.

An FTCA claim for negligent supervision cannot survive absent evidence which shows "the employer received actual or constructive notice of an employee's unfitness."  <u>Quashen</u>, 576 F. Supp. 3d at 1304.  In this case, Plaintiff has rested on the allegations of the complaint and has not produced a scintilla of evidence to support her claims.  She has not provided an eyewitness statement, an affidavit, a deposition transcript, or any documentary record to support her claim.  There is a complete lack of proof to support Plaintiff's negligence claim.  For this reason, Plaintiff's claim cannot survive and Defendant's motion for summary judgment should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, ECF No. 28, be **GRANTED** and judgment be entered in Defendant's favor.

**IN CHAMBERS** at Tallahassee, Florida, on August 21, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**